IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DONNA CAROL SAMPSON,[1] | 8:25CV700 |
|---|---|
| Petitioner. | MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner Donna Carol Sampson's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on December 8, 2025, with the filing fee paid on December 29. 2025. After initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will dismiss the petition without prejudice because Petitioner has not exhausted her state court remedies.

## I. BACKGROUND

On January 29, 2025, Petitioner pled no contest to a Class 1C felony charge of distribution of methamphetamine. She alleges she asked her trial counsel to move to withdraw the no contest plea, but counsel failed to do so. She was sentenced on May 1, 2025, to 7 to 14 years in prison. Petitioner filed a notice of appeal on May 28, 2025, with the assistance of counsel. A motion to dismiss the appeal was filed on Petitioner's behalf on July 17, 2025, but Petitioner alleges she did not request or consent to dismissing her appeal. The appeal was dismissed on July 23, 2025.

---

[1] Sampson's petition does not identify the respondent. This failure, standing alone, justifies dismissal, but it could be remedied by amending the petition. However, leave to amend will not be granted because even if the respondent is named, the petition must be dismissed for failure to exhaust state proceedings for post-conviction review.

Liberally construed, Petitioner is alleging ineffective assistance of counsel at trial and on appeal. She did not file a motion for post-conviction review in the state courts.[2]

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to

---

[2] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Sampson*, No. CR24-295, District Court of Buffalo County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

the state courts before seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454– 55 (8th Cir. 2005).

Exhaustion of available state postconviction relief is a prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that Petitioner did not exhaust her available state court remedies before filing her habeas case in this forum. Petitioner's petition for relief under 28 U.S.C. § 2254 is premature and subject to *sua sponte* dismissal by this Court. *Rose*, 455 U.S. at 520*; Akins*, 410 F.3d at 455.

Petitioner does not allege that her habeas petition is a "mixed" petition. The failure to do so categorically rules out relief under *Rhines v. Weber*, 544 U.S. 269, 276 (2005) since *Rhines* involves only cases with mixed petitions. *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *Id.* Even if the Court could exercise discretion to stay these proceedings pursuant to *Rhines*, a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not

3

be prejudiced if this case is dismissed. The one-year statute of limitations has not expired. Dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of her available state remedies, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

A petitioner cannot appeal an adverse ruling on her petition for writ of habeas corpus under § 2254 unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000) sets forth the standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds. The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 26th day of January, 2026.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

4